IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. MOTEN,

  Plaintiff,      No. CIV S-03-1729 GEB DAD P

 vs.

JAMES GOMEZ, et al.,

  Defendants.     <u>ORDER</u>

_____/

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action brought pursuant to 42 U.S.C. § 1983. By order filed on September 27, 2004, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed his second amended complaint, adding several more claims and ten additional defendants.

   Plaintiff has previously been informed that the court must screen complaints brought by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). Plaintiff was also advised that he must provide allegations as to how each named defendant violated his constitutional rights, that the causal link between defendants in supervisory positions and the claimed constitutional violation must be specifically alleged, that the adverse prison conditions he challenges must have affected him personally, and that he

1

should provide the approximate dates of the critical events alleged in his second amended complaint. Nonetheless, plaintiff's second amended complaint is as defective as those previously dismissed by the court.

Plaintiff has named as defendants in this action James Gomez and Edward Alameida, both former Directors of the California Department of Corrections, and Warden A.C. Newland of California State Prison (CSP) - Solano. Plaintiff alleges that the named defendants failed to properly train or supervise their subordinates. However, these allegations are stated in vague and conclusory terms and no factual allegations are set forth linking these supervisory defendants to a constitutional violation suffered by plaintiff. Plaintiff is again reminded that supervisory personnel are generally not liable under § 1983. In his third amended complaint, plaintiff must provide additional allegations or re-examine his case to determine if these defendants should be dropped from his third amended complaint.

Plaintiff alleges that defendant Terry Dickerson, the plant manager at CSP-Solano, was responsible for the cooling system, but allowed temperatures within the prison to exceed one hundred degrees and failed to intervene when the blowers were turned off as "reprisals." (2nd Am. Compl. (Compl.) at 6.) In his third amended complaint, plaintiff should provide further allegations demonstrating any named defendants' knowledge of the alleged reprisals, the dates when these events occurred, how each defendant was involved in the operation of the cooling system, and how plaintiff was personally affected by the adverse conditions relating to the cooling system at the prison.

As for defendant correctional officer Haristy, plaintiff alleges that over a period of years defendant Haristy was "planting . . . bullet cartridges' [sic] . . . gun barrels & etc." in order to cause prison lockdowns. (Compl. at 7.) Plaintiff fails to provide any specific allegations as to when these events allegedly occurred and how the lockdowns caused plaintiff unnecessary and wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition,

/////

plaintiff's general allegations that during the lock-downs the property of prisoners was confiscated, are not sufficient to demonstrate how plaintiff's constitutional rights were violated.

Plaintiff also names the Solano Classification Committee as a defendant and alleges that the committee referred to old archival records to increase plaintiff's security points. (Compl. at 20.) The higher security score allegedly resulted in plaintiff's transfer to a higher security facility. (Id.) Plaintiff believes that the change in his classification was due to his litigation activities. (Id. at 21.) However, to support a claim of retaliation under section 1983, a prisoner must allege that: (1) prison officials retaliated against him for exercising his constitutional rights; and (2) the retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve those goals. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A prisoner must also establish that his protected conduct in exercising his constitutional rights was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977). In other words, plaintiff must provide further factual allegations suggesting a retaliatory motive for his transfer since there is no constitutional right to remain at a specific facility or to have a certain classification status. Should plaintiff choose to pursue this claim in his third amended complaint, he must name as defendants the specific members of the classification committee that took the challenged action against him rather than the Solano Classification Committee.

The remainder of the claims and the defendants related to those claims should not be included in plaintiff's third amended complaint in this action. Those claims include the denial of access to the law library, the loss of plaintiff's property in retaliation for his litigation activities, and the failure to provide plaintiff a substitute diet because of his religious practices. All of these claims arose while plaintiff was incarcerated at CSP-Centinela and CSP-Calipatria which are located in Imperial County. The proper court in which to pursue those claims in a separate action is the U.S. District Court for the Southern District of California.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files his third amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in the third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On May 23, 2005, plaintiff filed a motion seeking a court order directing the U.S. Marshal to serve process on defendant Gomez. In light of the dismissal of plaintiff's second amended complaint, the motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint, filed on January 6, 2005, is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff shall use the form complaint provided by the court and attachments may not exceed a total of ten pages; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

3. Plaintiff's May 23, 2005 motion for a court order directing service by the U.S. Marshal is denied; and

/////
/////
/////

4

1       4. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: August 15, 2005.

                                /s/ Dale A. Drozd
                                DALE A. DROZD
                                UNITED STATES MAGISTRATE JUDGE

DAD:4
mote1729.14b