IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. MOTEN,

        Plaintiff,                   No. CIV S-03-1729 GEB DAD P

    vs.

JAMES GOMEZ, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Now before the court is plaintiff's third amended complaint.[1] Plaintiff has previously been informed that the court must screen complaints brought by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). Plaintiff has also been previously advised that he must set forth allegations as to how each named defendant violated his constitutional rights, that the causal link between defendants in supervisory positions and the claimed constitutional violation must be specifically alleged and that the adverse prison conditions he challenges must have affected him personally. Nonetheless,

---

[1] By order filed September 27, 2004, plaintiff's amended complaint was dismissed with leave to amend. On August 15, 2005, plaintiff's second amended complaint was dismissed with leave to amend being granted.

1

plaintiff's third amended complaint is as defective as those previously dismissed by the court. For the reasons set forth below, the court will recommend that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

In the caption of the third amended complaint, plaintiff presents nine causes of action and lists the following defendants: (1) Captain J.P. Moser, (2) James Gomes [sic], the former Director of the Department of Corrections, (3) A. Newland, former warden of California State Prison-Solano (CSP-Solano), (4) Terry Dickerson, former plant manager, (5) counselor N. Fry, (6) correctional officer Renwick, (7) associate warden Y.M. Page, (8) counselor E.C. Baskerville, (9) and Doe defendants. However, in several instances plaintiff has presented identical claims in other civil rights actions he has brought in this court and those claims have been rejected.[2] Such claims that are brought again in this action are duplicative and abusive under § 1915A and should be dismissed. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (there is no abuse of discretion where a district court dismisses a complaint under former § 1915 where the complaint merely repeats pending or previously litigated claims); Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988) (affirming dismissal of case as duplicative and frivolous where the same factual allegations were asserted but a different defendant was named); Hronis v. California Dep't of Corrections Medical Health Professionals, No. CIV S-04-1267 GEB DAD P, 2005 WL 3481494, at *4 (E.D. Cal. Dec. 19, 2005) (dismissing claims as frivolous and action barred by res judicata where claims were duplicative of claims presented in a prior action before the court); Simms v. Santa Rita Jail Medical Staff, No. C04-0450VRW(PR), 2004 WL 316035, at *1 (N.D. Cal. Feb. 13, 2004) ("A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A.")

---

[2] The court may take judicial notice of the court's records in another case. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)).

In his first cause of action, plaintiff claims that the living conditions at CSP-Solano violate the Eighth and Fourteenth Amendments.[3] In this regard, plaintiff contends that the swamp cooling system at CSP-Solano is inadequate to keep the cells cool and that at times, the blowers are turned off to punish prisoners who complain about the heat. (Third Am. Compl. ¶¶ 6-7 at 4-5.) In addition, plaintiff alleges that emergency lockdowns are "contrived" and that the lockdowns are "used to harass[,] punish and discriminate against Moten because of his prison litigation . . . ." (Id. ¶ 14 at 6.) In the court's September 27, 2004 and August 15, 2005 orders, plaintiff was advised that he must set forth allegations showing the involvement of each defendant in connection with his claims and, with respect to this particular Eighth Amendment claim, how each defendant was involved in the operation of the cooling system at CSP-Solano. (Order, filed 8-15-05, at 2.) Instead, plaintiff once again has made only a broad claim regarding the inadequacy of the cooling system, but has failed to provide allegations regarding the involvement of any of the named defendants. In addition, plaintiff's claim concerning the allegedly inadequate ventilation and cooling system at CSP-Solano was previously litigated by plaintiff in this court in the case entitled Moten v. Gomez, CIV S-97-1520 GEB GGH P. In that case, defendants warden Newland and plant manager Dickerson submitted evidence concerning the CSP-Solano Extreme Weather Plan, the ventilation system, plaintiff's medical care, and the indoor/outdoor temperatures for several months in 1998, in support of their motion for summary judgment. The defendants' motion was granted with respect to this claim. The court concludes that this recycled claim should be dismissed as frivolous since it was previously litigated and also

/////

/////

/////

---

[3] The Fourteenth Amendment does not provide an independent basis by which state prisoners may challenge the conditions of confinement. Rather, the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment. See Robinson v. California, 370 U.S. 660, 666 (1962).

because it fails to state a cognizable claim as to the defendants not named in plaintiff's earlier lawsuit challenging the ventilation and cooling system at CSP-Solano.[4]

In plaintiff's second cause of action, he claims that defendants violated the Religious Land Use and Institutionalized Persons Act of 2000, and the First and Fourteenth Amendments. Plaintiff contends that he is a Hebrew Israelite and cannot eat meat, that his grievances regarding his religious diet were not processed, and that he received no reply to letters he sent to former Director of Corrections Gomez and former plant manager Dickerson. Plaintiff again fails to set forth any factual allegations as to how each of the named defendant imposed a substantial burden on plaintiff's exercise of his religion. In the order filed August 15, 2005, the court noted that plaintiff's religious diet claim arose while plaintiff was incarcerated at California State Prison-Centinela and California State Prison-Calipatria. Plaintiff was advised that he should pursue this claim only by filing an action in the judicial district within which those institutions were located, the U.S. District Court for the Southern District of California. In his third amended complaint, plaintiff does not set forth allegations suggesting that venue with respect to this claim is proper in the Eastern District of California. Nor does he allege how each of the named defendants is involved in this claim. As for defendants Gomez and Dickerson, plaintiff has previously been advised that the causal link between the claimed constitutional violation and a supervisorial defendant must be specifically alleged. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, there are no allegations which would demonstrate that defendants Gomez or Dickerson were aware of the claimed violation. "Letters written to supervisors do not make the supervisors liable for their subordinates['] conduct absent acquiesce

---

[4] Court records indicate that plaintiff is currently incarcerated at CSP-Corcoran. Accordingly, plaintiff cannot state a cognizable claim for injunctive relief with respect to conditions at CSP-Solano. See Darring v. Kincheloe, 783 F.2d 874, 876-77 (9th Cir. 1986).

4

or support from the subordinates." Baskett v. Washington, No. C06-5130FDB, 2006 WL 1148645 at *1 (W. D Wash. April 21, 2006). See also Barry v. Ratelle, 985 F. Supp 1235, 1239 (S.D. Cal. 1997) (holding that allegation that two letters about subordinates were sent to supervisor is inadequate to show that supervisor actually knew of any constitutional violations). Therefore, plaintiff's second cause of action should be dismissed for failure to state a claim.

In his third cause of action, plaintiff claims that in violation of the First and Fourteenth Amendments, defendants "obstructed" his right to file an inmate grievance. Plaintiff contends that he submitted a grievance concerning defendant Renwick's racial comments and about how defendant Renwick was telling other prisoners that plaintiff was "a jail house snitch-rat." (Third Am. Compl. at 8.) Plaintiff's grievances were not processed and were returned to him by defendant Fry who stated that the grievances were rejected because there was no adverse effect on plaintiff. (Id.) In Moten v. Renwick, S-98-0118 LKK DAD P, plaintiff presented this same claim, alleging that defendant Renwick made racist and inflammatory remarks, and that defendant Fry failed to process his inmate grievances about defendant Renwick. See Order and Findings and Recommendations, CIV S-98-0118 LKK DAD P, filed April 24, 2001 at 4. In findings and recommendations issued in that case, the undersigned recommended that plaintiff's First Amendment access to court claim be dismissed for failure to state a cognizable claim. Id. Those findings and recommendations were adopted on June 12, 2001, and the action was dismissed. On appeal, the Ninth Circuit Court of Appeals affirmed. Accordingly, the court will recommend that plaintiff's third cause of action be dismissed as duplicative and frivolous. In addition, the court finds that plaintiff has failed to state a cognizable Fourteenth Amendment claim. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)), cert. denied, 541 U.S. 1063 (2004). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding that prisoner "failed to state a claim because no

/////

constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration.").

In his fourth and fifth causes of action, plaintiff claims that defendant Renwick subjected plaintiff to racial discrimination and violated the Equal Protection Clause of the Fourteenth Amendment. In this regard, plaintiff contends that defendant Renwick made racial remarks which were offensive to plaintiff who is African American.[5] This claim was also presented by plaintiff in Moten v. Renwick, CIV S-98-0118 LKK DAD P. Although the alleged remarks were offensive and insensitive, neither verbal abuse nor the use of profanity is sufficient to state a constitutional claim under § 1983. See Freeman v. Arapio, 125 F.3d 732, 738 (9th Cir. 1997) (holding that abusive language directed at one's ethnic and religious background fails to state an equal protection claim); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (upholding summary judgment on claim that defendant used vulgar language; profanity, verbal abuse and verbal harassment do not state an Eighth Amendment claim under 42 U.S.C. § 1983). This claim should be dismissed for failure to state a claim.

In his sixth cause of action, plaintiff alleges that the defendants conspired to deprive plaintiff of his right to equal protection because of his race and in violation of 42 U.S.C. § 1985. The seventh cause of action claims that the defendants are liable to plaintiff for their failure to prevent the conspiracy in violation of 42 U.S.C. § 1986.

Section 1985 of the Civil Rights Act "proscribes conspiracies to interfere with civil rights." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) (en banc). The statute provides that

> [i]f two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States,

---

[5] See Third Amended Complaint at pp. 7-8.

6

> the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). A § 1985 claim must be based on allegations that establish the existence of a conspiracy. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). "A mere allegation of conspiracy without factual specificity is insufficient to support a claim." Sanchez, 936 F.2d at 1039.

In order to proceed under § 1985, a plaintiff must allege facts which "show . . . that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action.'" Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). See also Kush v. Rutledge, 460 U.S. 719, 720, 722-23 (1983); Sanchez, 936 F.2d at 1039; Bretz v. Kelman, 773 F.2d 1026, 1028-29 (9th Cir. 1985) (en banc). Here, plaintiff's only allegations concerning discriminatory animus was the racially offensive remarks made by defendant Renwick. Plaintiff sets forth no allegations suggesting that defendant Renwick entered into an agreement with the other defendants to deprive plaintiff of his civil rights. Moreover, plaintiff makes only the following conclusory allegation regarding the alleged conspiracy: "each defendant, and all of them, collectively conspired to chill the effects of Plaintiff's exercise of his First Amendment rights." (Third Am. Compl.¶ 40 at 10.) This is not sufficient to state a cognizable claim. Finally, there is no action under § 1986 absent a valid claim for relief under §1985. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990); Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). Therefore, the sixth and seventh causes of action fail to state cognizable claims.

In his eighth cause of action, plaintiff claims that defendant Renwick violated the Eighth Amendment when he circulated rumors that plaintiff was a "snitch-rat." (Third Am. Compl. ¶ 59 at 14.) Specifically, plaintiff alleges as follows:

/////

> On March 24, 1997, while in unit 3, dayroom, during an open
> conversation, with several prisoners, Moten was informed that
> RENWICK had told other prisoners that he was a jail house
> snitch-rat. This rumor could have had Plaintiff assaulted by
> prisoner. [sic]

(Id. at 8.) In Moten v. Renwick, CIV S-98-0118 LKK DAD P, this same Eighth Amendment claim was dismissed and the dismissal was affirmed on appeal.[6] Thus, this cause of action should be dismissed as duplicative and frivolous.

In his ninth cause of action, plaintiff claims that he suffered retaliation at the hands of the defendants because of his use of the inmate grievance process and the filing of civil rights lawsuits. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. April 25, 2005) (amended opinion). A prisoner must also establish that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977).

Plaintiff has renewed his retaliation claim which was previously presented in Moten v. Renwick, CIV S-98-0118 LKK DAD P. In that case, plaintiff alleged retaliation by defendant Renwick who threatened to send plaintiff to the "hole" and to mishandle plaintiff's

---

[6] In recommending dismissal of the claim at that time the undersigned observed:

> Significantly absent are allegations demonstrating how defendant
> Renwick's actions subjected plaintiff to a substantial risk of serious
> harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Some
> five years after defendant Renwick allegedly made his comment,
> plaintiff has provided no allegation that he faced threats or even
> animosity from other inmates as a result of the defendant's alleged
> conduct.

Findings and Recommendations filed April 24, 2001 at p 4.

mail because of his inmate grievances and lawsuits. The court dismissed the retaliation claim for failure to state a claim, and this decision was affirmed on appeal. Here, plaintiff presents three more theories for his retaliation claim.

First, plaintiff claims that in 1996, defendant Fry retaliated against plaintiff when he found plaintiff guilty of drug use following a positive urinalysis test.[7] Plaintiff claims that the positive test result was tainted by his flu medication. Plaintiff's claim fails because he has not provided any allegations that would demonstrate that retaliation, rather than the positive urinalysis, was the substantial or motivating factor for the disciplinary action.

Second, plaintiff claims that defendants Page, Baskerville and Moser who were members of the unit classification committed, retaliated against plaintiff by having him moved to a higher security prison after the committee illegally raised his classification score in July of 1999.[8] Again, plaintiff fails to allege any facts demonstrating that retaliation was the substantial or motivating factor for the change in classification. Moreover, in light of the fact that plaintiff was found guilty of drug use which was supported by a urinalysis report, plaintiff has failed to demonstrate that the change of classification did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Finally, plaintiff claims that Doe defendants at CSP-Solano lost or confiscated plaintiff's personal property in July of 1999 in retaliation for his having engaged in protected activities. Plaintiff contends that when he arrived at CSP-Calipatria, his typewriter and a box of

---

[7] There is a two year statute of limitations in California in § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004), cert. denied sub nom. Kempton v. Maldonado, --- U.S. ----, 12 5 S.Ct. 1725 (2005). Thus, it would appear that this claim seeking relief with respect to alleged unlawful retaliation carried out in 1996 is time-barred.

[8] See fn. 7, infra.

legal documents were missing. In the court's August 15, 2005 order granting plaintiff leave to file the pending third amended complaint, plaintiff was advised that he could pursue this loss of property claim only by filing an action in the U.S. District Court for the Southern District of California since his own allegations indicated that this claim arose at CSP-Centinela or CSP-Calipatria. Instead, plaintiff apparently attempts to now proceed on the theory that some unknown persons at CSP-Solano must have deliberately lost plaintiff's property in an act of retaliation because when plaintiff arrived at CSP-Calipatria, his property was missing. Such a claim is vague, conclusory and speculative. It should be dismissed for failure to state a claim.

The court has concluded that plaintiff has failed to state any cognizable claim. Plaintiff has been granted leave to amend on two occasions and has failed to cure the defects in his complaint. In light of the nature of plaintiff's allegations and his inability to cure the defects noted by the court, the granting of further leave to amend would be futile. <u>Schmier v. United States Court of Appeals for the Ninth Circuit</u>, 279 F.3d 817, 824 (9th Cir. 2002); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as frivolous and for failure to state a claim. 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

/////

/////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mote1729.56