IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. MOTEN,

        Plaintiff,                        No. CIV S-03-1729 GEB DAD P

    vs.

JAMES GOMEZ, et al.,

        Defendants.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 22, 2006, the court filed findings and recommendations recommending that this action be dismissed with prejudice as frivolous and for failure to state a claim. Plaintiff filed objections and the findings and recommendations are pending review by the District Judge. Before the court is plaintiff document styled, "Petition For Writ Of Mandate/Prohibition," in which he contends that his placement and retention in administrative segregation housing is "unjust," and that his placement and retention violates state regulations and his due process rights under the Fourteenth Amendment. (Petition at 1, 4.) Plaintiff makes the following request.

> 1. That this court, on hearing this petition and on consideration to any return filed thereto, issue it's peremptory writ of mandate commanding respondent to "expeditiously" release petition from

1

administrative segregation housing, too [sic] not <u>falsely</u> [enhance] after petitioner's custody status [as 270, not to 180], and to be [re]housed into "General Population" Facility 3A, yard of origin at Corcoran, or, to show cause before this court at a time specified why it has not done so and why a peremptory writ should not be issued, and/also, STAY all adverse actions pending fully court review, and eradicate recommended transfer pending a 260(c) hearing of facts;

(<u>Id.</u> at 8.)

The petition will be placed in the file and disregarded. Plaintiff is also advised that when a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). Because plaintiff is confined at Corcoran State Prison, he is advised that if he wishes to pursue relief in the federal courts with respect to the matters he refers to in his recent filing, he must file either a civil rights action or a habeas petition with the Fresno Division of the U.S. District Court for the Eastern District of California.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 28, 2006 petition for writ of mandate shall be placed in the file and disregarded; and

2. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 civil rights action and the form petition for a writ of habeas corpus.

DATED: September 15, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mote1729.wom

2